UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH GALLOWAY, *et al.*, | : | Case No. 1:11-cv-850 |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| CHESAPEAKE UNION EXEMPTED | : | |
| VILLAGE SCHOOLS | : | |
| BOARD OF EDUCATION, *et al.*, | : | |
| | : | |
| Defendant. | : | |

**ORDER THAT: (1) DEFENDANTS' MOTIONS TO DISMISS (Docs. 8, 9) ARE DENIED AS MOOT; and (2) PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (Doc. 12) IS GRANTED**

This civil action is before the Court on: (1) Defendants' motions to dismiss (Docs. 8, 9); and (2) Plaintiffs' motion for leave to file an amended complaint (Doc. 12); and the parties' responsive memoranda (Docs. 14, 15, 16).

### I.  BACKGROUND FACTS

Plaintiff filed the instant complaint on December 5, 2011.[1]  On February 13, 2012, Defendants filed motions to dismiss.  (Docs. 8, 9).  Plaintiffs now seek to amend the complaint, in large part in response to the issues raised by Defendants in their motions to dismiss. Plaintiffs request that this Court allow the amendment and overrule the motions

---

[1] Plaintiffs allege eight causes of action against both individual and government defendants, including: due process, equal protection, negligence, malicious purpose, disability discrimination, race discrimination, sexual harassment, and failure to train.  (Doc. 1).

to dismiss as moot.[2]

Defendants oppose the motion to amend, arguing that the proposed amended complaint does not resolve all of the issues raised in Defendants' motions to dismiss. Additionally, Defendants maintain that if Plaintiffs are granted leave to file the proposed amended complaint without addressing the issues raised in the motion to dismiss, Defendants will be forced to expend additional time and money filing substantially similar motions to dismiss the amended complaint.

## II. STANDARD OF REVIEW

Under Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff may amend his pleadings as a matter of course if it is filed within 21 days after service of a 12(b)(6) motion. Fed. R. Civ. P. 15(a)(1)(B). If a plaintiff wishes to file an amended complaint after the 21 day grace period, he is required to seek leave of the court to do so. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The United States Supreme Court has held that motions for leave to amend should be liberally granted unless the motions are brought in bad faith or the proposed amendments would cause undue delay, be futile, or unfairly prejudice the opposing parties. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if

---

[2] Newly amended Fed. R. Civ. P. 15 speaks to the propriety of moving to amend promptly in response to a motion to dismiss: "This provision [the newly amended Fed. R. Civ. P. 15 ] will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsible amendment may avoid the need to decide the motion or reduce the number of issues to be decided and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings." Notes on Advisory Committee on 2009 amendments to Rule 15(a).

the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). The grant or denial of a request to amend a complaint is left to the broad discretion of the district court. *Gen. Electric Co. v. Sargeant & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).

### III.    ANALYSIS

The crux of Defendants' argument opposing Plaintiffs' motion to amend is that after the complaint is amended, Defendants will have to file additional motions to dismiss. The Court does not find this argument persuasive. The amended complaint does not advance new legal arguments; rather it basically supplements additional facts. Therefore, the substance of Defendants' motions to dismiss, should Defendants decide to file them again, will not significantly change from what has already been drafted. To address the fully articulated issues on the merits, a motion to amend appears appropriate.

Defendants also argue that this Court should deny Plaintiffs' motion because it would be futile. While Defendants do concede that Plaintiffs' amended complaint includes additional factual allegations (Docs. 14, 15 at 5), Defendants argue that these additional allegations leave the complaint still insufficient. However, unlike a motion to dismiss for lack of jurisdiction or for failure to exhaust administrative remedies, a 12(b)(6) motion is factually driven, and this Court cannot conclude that Plaintiffs' motion would be futile.[3] The question of sufficiency of the pleadings should be considered in the context of a motion to dismiss, not a response to a motion for leave to plead.

---

[3] A court will not ordinarily consider the merits of a proposed amended complaint in ruling on a motion for leave to amend unless it appears to be frivolous. *Madison Fund, Inc. v. Denison Mines Ltd.*, 90 F.R.D. 89, 91 (S.D.N.Y. 1982).

After considering all factors before it, the Court concludes that justice requires granting leave to amend.  Plaintiffs moved to amend a mere 38 days after Defendants filed their motion to dismiss.  Had Defendants filed the motion 17 days sooner, Plaintiffs could have amended as a matter of course.  *See* Fed. R. Civ. P. 15.  There is no apparent undue delay, bad faith, or dilatory motive on the part of Plaintiffs, nor does there appear to be any undue prejudice to Defendants by virtue of allowance of the amendment.[4]

Additionally, the Court finds that because an amended complaint supersedes the original complaint, and because Defendants' motions to dismiss are directed to the original complaint, the motions to dismiss are now moot.  *Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002) ("Because amended complaints supersede the original pleading, the filing of the amended complaint in this case did technically render the pending motion to dismiss moot.").

### IV.   CONCLUSION

For the reasons stated herein:

(1)   Plaintiffs' motion to amend (Doc. 12) is **GRANTED.**  Plaintiffs shall file the amended complaint forthwith; and

(2)   Defendants' motions to dismiss (Docs. 8, 9) are **DENIED** as **MOOT**, without prejudice to refiling.

**IT IS SO ORDERED.**

Date:  May 1, 2012

                                              *s/ Timothy S. Black*
Timothy S. Black
United States District Judge

---

[4]  However, Plaintiffs should be mindful in this Court's recent decision in *Alexander v. Lawrence Cnty. Bd. of Developmental Disabilities*, Case No. 1:10cv697, 2012 U.S. Dist. LEXIS 32197 (S.D. Ohio Mar. 12, 2012), when amending their complaint.