UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSEPH GALLOWAY                                             CASE NO. 1:11-CV- 850

    Plaintiff

vs

                                                                 Judge Timothy S. Black

CHESAPEAKE UNION EXEMPTED
VILLAGE SCHOOLS BOARD OF                         Magistrate Judge Bowman
EDUCATION

SCOTT HOWARD

SAM HALL                                                              **AGREED PROTECTIVE ORDER**

JEANNIE HARMON

LAWRENCE COUNTY JOINT
VOCATION SCHOOL DISTRICT BOARD
OF EDUCATION

STEVE DODGION

JOSEPH RASE

KIM WILLIAMS

SUSAN ARTHUR

JOHN DOES 1-10

    Defendants

    This Protective Order regarding discovery in any form whatsoever that concerns the information listed below is entered pursuant to Federal Rule of Civil Procedure 26(c).  Discovery shall include documents identified in Rule 26(a)(1) initial disclosures and any supplementation of the same.  In order to preserve the confidentiality of student and medical information, the Court hereby orders that such discovery should be subject to the following terms and conditions:

1. The discovery provided pursuant to the Protective Order containing personally identifiable information regarding students (whether redacted or unredacted) and/or containing medical information, including but not limited to:

   (a) Plaintiff's medical records and billing documents;

   (b) Any education record for a student that is protected by the Family Education Rights and Privacy Act, 20 U.S.C. §1232g; 34 C.F.R. Part 99 and/or O.R.C. §3319.321;

   (c) Any other document produced by the parties that contains personally identifiable information regarding students and/or medical information.

shall not be shown to, furnished to or otherwise disclosed to anyone other than the Court, the parties, parents of the Plaintiff, counsel of record for the Plaintiff, counsel of record for the Defendants, persons directly assisting counsel of record, witnesses at depositions and witnesses in preparation for trial or deposition.

For purposes of this Protective Order, the phrase "persons directly assisting counsel of record" means other persons employed in the counsel of record's office, court reporters, claims adjusters for the Defendants, insurers, experts or outside consultants retained by counsel of record to assist in the preparation of their case.

2. All documents produced pursuant to this Protective Order are automatically considered confidential and do not need to be stamped or otherwise marked "Confidential".

3. The Plaintiff, Defendants, parents of the Plaintiff, counsel of record and persons directly assisting counsel of record shall not show, furnish or otherwise disclose discovery provided pursuant to this Protective Order to anyone other than the Court, witnesses at

depositions, potential witnesses, experts or outside consultants, or each other.

4.	Any and all copies of discovery received by any party from another party pursuant to this Protective Order and/or the data and information contained therein, shall be shredded upon the termination of this case, including upon completion of the case by settlement or by final judgment (after the resolution of all post-trial motions and/or appeals or the expiration of the time for filing of an appeal).  Each party shall certify the destruction of all documentary material or memoranda embodying information designated "Confidential Information" including all copies of such memoranda or documentary material which may have been made.

5.	The discovery provided pursuant to this Protective Order and/or the data and information contained therein shall not be used for any purpose other than the preparation and presentation of Plaintiff's and Defendants' cases and shall not be used in any lawsuit, claim or cause of action other than Case No. 1:11-CV-850 currently pending in the United States District Court, Southern District of Ohio, Western Division or any appeals of matters in this case.

6.	The discovery provided pursuant to this Protective Order and/or the data and information contained therein, if filed with the Court as exhibits or depositions or as trial exhibits or as exhibits to a pleading, motion, memoranda, brief or other documents shall be filed under seal and shall be accessible only to the Court, court reporters, Plaintiff, Plaintiff's counsel of record, Defendants and Defendants' counsel of record.

7.	Any person directly assisting counsel of record or the parents of the Plaintiff to whom the discovery is provided pursuant to this Protective Order and/or the information therein, is shown, furnished or otherwise disclosed, shall be shown a copy of this Protective Order and shall be subject to its terms.  He or she shall also acknowledge his or her understanding of the

Protective Order by signing a copy of the same in counsel's possession.  An attached acknowledgment form is provided as Exhibit A.

8. To the extent a document contains personally identifiable information from an education record of a student as protected by the Family Education Rights and Privacy Act, 20 U.S.C. §1232g; 34 C.F.R. Part 99, Chesapeake Defendants will, prior to the production of the document, make a reasonable effort to notify the parent or eligible student of this order so that the parent or eligible student may seek protective action, if desired.  The notification to the parent or eligible student will indicate the date on which the document will be produced in the absence of the parent or eligible student obtaining protective relief.  The Lawrence County Defendants will, prior to production of such a document, provide notice to counsel for the Chesapeake Defendants to enable said counsel to provide parent notification.

9. This Protective Order shall not prevent any of the parties or any third party from applying to the Court for relief therefrom, or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves in writing to modification of this Protective Order, subject to the approval of the Court.

10. The parties acknowledge and understand that the Court retains its inherent right to alter the provisions of this Protective Order when the Court believes the interests of justice will be served by any such alteration.

Date:  2/15/2013

IT IS SO ORDERED:

s/ Timothy S. Black

Timothy S. Black, Judge
United States District Court

4

SO STIPULATED:

/s/ Kenneth D. Myers
Kenneth D. Myers   005365
6100 Oak Tree Boulevard, Suite 200
Cleveland, OH 44131
(216) 241-3900 phone
kdmy@aol.com
*Attorney for Plaintiffs*

/s/ Anne Marie Sferra
Anne Marie Sferra 0030855
Susan L. Oppenheimer 0062655
Melissa M. Carleton 0085133
BRICKER & ECKLER
100 South Third Street
Columbus, OH 43215
(614) 227-2300 phone
(614) 227-2390 fax
asferra@bricker.com
soppenheimer@bricker.com
mcarleton@bricker.com
*Attorneys for Lawrence County Joint Vocational School Board of Educational Defendants*

/s/ R. Gary Winters
R. Gary Winters   0018680
Bernard W. Wharton 0063487
McCASLIN, IMBUS & McCASLIN
632 Vine Street, Suite 900
Cincinnati, OH 45202
(513) 421-4646 phone
(513) 421-7929 fax
rgwinters@mimlaw.com
bwwharton @mimlaw.com
*Attorneys for Chesapeake Union Village School District Board of Education Defendants*

5

**EXHIBIT A**

JOSEPH GALLOWAY                                CASE NO. 1:11-CV- 850

    Plaintiff                                         Judge Timothy S. Black
                                                                  Magistrate Judge Bowman
vs

CHESAPEAKE UNION EXEMPTED            **ACKNOWLEDGMENT OF CONTENTS**
VILLAGE SCHOOLS BOARD OF             **OF STIPULATED PROTECTIVE**
EDUCATION, ET AL                     **ORDER**

    Defendants


       I, _____, have read and know the contents of the Stipulated Protective Order dated _____, and agreed to be bound by its terms and conditions. I agree that I shall keep in strict confidence any and all confidential information which has been disclosed to me pursuant to the Stipulated Protective Order and I will not use or refer to any confidential information other than in connection with the above entitled action and as provided in the Stipulated Protective Order. I also agree that, upon being notified by counsel of the termination of the above referenced lawsuit, I will return all confidential information to the counsel for the party who furnished me the confidential information and I will destroy all notes and memoranda which I have generated relating to the confidential information.

                                                        _____

                                                        Title_____

                                                        Address:_____
                                                        _____
                                                        _____

                                                        Date:_____